Daniel Farley et al. *v.* City of McKeesport, a third class municipality, and McKeesport Municipal Employees Pension Association, Appellants.

Argued May 4, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Walter F. Baczkowski,* with him *Liddle and Adams,* for appellants.

*Sandra Reiter Kushner,* with her *Herman L. Foreman,* and *Rothman, Gordon, Foreman and Groudine,* for appellees.

Opinion by Judge Crumlish, Jr., July 22, 1977:

The City of McKeesport and the McKeesport Municipal Employees Pension Association (Appellants) appeal an order of the court of common pleas granting declaratory judgment in favor of certain municipal employees and their union. This case involves the prop-

er interpretation of Ordinance No. 2583 of the City of McKeesport (Ordinance), which is identical to the service increment provision for third class municipalities contained in the Act of May 23, 1945, P.L. 903, *as amended*, 53 P.S. §39371 et seq.[1] The Ordinance establishes and sets forth the mechanism by which a municipal employee may qualify for the "service increment," an addition to his retirement allowance, which increases for each year of service beyond 20 years. Appellants argue that the Ordinance does not credit employees for years worked prior to the adoption of the Ordinance.

A careful reading of the Ordinance compels the conclusion that service prior to the adoption of the Ordinance must be credited in calculating the employees' service increments.

The judgment of the court below is therefore affirmed.

The statutory scheme of the Ordinance, while it is not an example of masterful draftsmanship, is sufficiently clear. Section 4(c) of the Ordinance states:

SECTION 4. (c) In addition to the retirement allowance which is authorized to be paid from the pension fund ... every contributor who shall become entitled to the retirement allowances should be entitled to the payment of 'service increments.'

Next, we must consider how a contributor becomes entitled to the service increment. The statute provides the answer in Section 4(c)(ii):

(ii) Each contributor, who so chooses to become entitled to the service increments provided by this act, shall, from and after the effec-

---

[1] Twenty-two years later the section which is the subject of this action was added by the Act of October 19, 1967, P.L. 465, *as amended*, 53 P.S. §39374(e)(1)-(5).

tive date of this amendment, pay into the retirement fund a monthly sum in addition to his or her retirement contribution. . . .

A person becomes entitled to the service increment by making an additional contribution to the retirement fund.

Appellant focuses on the terms "from" and "after" in the quoted portion of the Ordinance to assert that employees will be credited only for years worked "from" and "after" the adoption of the Ordinance. This is plainly not the case. The terms "from" and "after" refer to the time at which employees must begin making additional contributions to the retirement fund in order to be eligible for the service increment. There is no mention in the Ordinance of the date of its adoption being the date from which time of service shall be measured. To the contrary, Section 4(c)(ii) defines the period used for the calculation of the "service increment" as the time "after having served twenty (20) years . . . during which a contributor has been employed by such City and paid out of the City treasury. . . ."

This interpretation is reinforced by the remainder of the Ordinance. Appellant concedes that persons over 65 are credited with their municipal service before the adoption of the Ordinance. There is no logical reason nor support in the Ordinance for treating persons over 65 more favorably than those under 65. Any such approach would create obvious equal protection and age discrimination problems.

Appellants rely very heavily upon the rule of statutory construction that "no law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature." Statutory Construction Act of May 28, 1937, P.L. 1010, *as amended*, 49 P.S. §556. Leaving aside the question of whether this statute has a retroactive effect, since employees may only qualify

for the benefits if they are employed *after* the date of the adoption of the statute, we hold that the Ordinance is clearly intended to credit municipal employees' past service.

Affirmed.

ORDER

AND Now, this 22nd day of July, 1977, the order of the Court of Common Pleas of Allegheny County is hereby affirmed.